# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5561 | DATE | 05/12/2003 |
| CASE TITLE | Molina v. Experian Credit Information Solutions et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Providian's Motion to Dismiss (doc. #21)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]. Enter memorandum opinion and order. For the attached reasons, the Court DENIES Defendant's motion to dismiss (doc. #21). Providian is ordered to answer the second amended complaint on or before June 2, 2003.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAY 1 4 2003 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| JHC | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 27

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO MOLINA<br>　　　Plaintiff,<br><br>v.<br><br>EXPERIAN CREDIT INFORMATION<br>SOLUTIONS and PROVIDIAN NATIONAL<br>BANK,<br><br>　　　Defendants. | Case No. 02 C 5561<br><br>The Honorable William J. Hibbler<br><br>DOCKETED<br>MAY 1 4 2003 |

## MEMORANDUM OPINION AND ORDER

Mario Molina alleges in a three-count complaint that Experian Information Solutions and Providian National Bank violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, by reporting false and derogatory information about the Plaintiff's credit history. Molina further alleges that Providian's knowing publication of false information about his credit history resulted in defamation under Illinois common law. Providian moves to dismiss both counts against it under Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court DENIES Providian's motion to dismiss.

### I. Factual Background

In his Second Amended Complaint, Molina alleges that both Experian and Providian have repeatedly published incorrect and harmful information about his credit history. Molina alleges that both Providian and Experian reported inaccurately that he made slow or late payments to a Providian account when in fact the account did not belong to him. Molina further alleges that beginning in January 2002 he repeatedly contacted Experian about the inaccurate reports and disputed the reports pursuant to



Experian's procedure for disputing consumer credit information. According to Molina, he also contacted Providian regarding his dispute and that Providian "failed to conduct timely and reasonable investigations of [his] disputes after being contacted by Experian concerning his disputes." Lastly, Molina alleges that Experian never "forwarded relevant information concerning plaintiff's disputes to the entities originally furnishing the inaccurate information [Providian]." Despite his efforts, Molina claims that the Providian has continued to report the inaccurate information to credit agencies and that he has been denied credit as a result.

Regarding Molina's defamation claim, he states that the "written presentations, representations, or statements that Plaintiff had an account with Providian, and/or that Plaintiff was late and/or low with payments to Providian were false." Molina claims that "Providian's conduct was done with malice and willful intent to injure the plaintiff by the very nature that Providian had previously deleted the inaccurate account information and then proceeded to refurnish the inaccurate information to the credit reporting agencies."

Providian moves to dismiss both the FCRA and defamation claims against it, pursuant to Fed. R. Civ. P. 12(b)(6). According to Providian, Molina's FCRA claim is deficient because he does not allege that the credit reporting agency notified it of the disputed account information, as required by the statute before any duty is imposed upon it. Providian next argues that Molina fails to state a claim for defamation because the complaint does not set forth Providian's allegedly defamatory words with sufficient

particularity. Providian also argues that the FCRA preempts Molina's defamation claim because he did not properly allege malice or willful intent to injure.

## II. STANDARD OF REVIEW

Motions to dismiss test the sufficiency, not the merits, of the complaint. *Bonsol v. Perryman*, 240 F. Supp. 2d 823, 825 (N.D. Il. 2003). In reviewing a motion to dismiss, the Court treats a plaintiff's well-pleaded facts as true and views any reasonable inferences from them in a light most favorable to the plaintiff. *Albany Bank & Trust v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Accordingly, the moving party bears the burden of showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim" that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Furthermore, federal courts require notice, not fact, pleading. *Ward v. Tranzact Payment Servs. Inc.*, No. 02 C 518, 2002 WL 31426660, at *2 (N.D. Ill. Oct. 28, 2002). "Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts on which he bases his claim, he must set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Menard Inc. v. U.S. Equities Dev., Inc.*, No. 01 C 7142, 2002 WL 31050160, at *1 (N.D. Ill. Sept. 13, 2002).

## III. Analysis

*A.  FCRA Claim*

The FCRA imposes certain duties on entities that furnish information to credit reporting agencies. 14 U.S.C. § 1681s-2. One such duty is the duty to conduct an investigation when a plaintiff disputes the accuracy of the information furnished by the

provider. 15 U.S.C. § 1681s-2(b); *Dornhecker v. Ameritech Corp.* 99 F. Supp. 2d 918, 928 (N.D. Ill. 2000). However, this duty is triggered only after the furnisher receives notice from *a consumer reporting agency* that the consumer is disputing the information. 15 U.S.C. §§ 1681i(a)(2) & 1681s-2(b); *Curtis v. Trans Union, LLC*, No. 02 C 207, 2002 WL 31748838, *5 (N.D. Ill. Dec. 9, 2002); *Cook v. Experian Info. Solutions, Inc.*, No. 02 C 3381, 2002 WL 31718624, *1 (N.D. Ill. Nov. 27, 2002).

Providian argues that Molina has pleaded himself out of court by alleging that Experian "never . . . forwarded relevant information concerning plaintiff's disputes to the entities originally furnishing the inaccurate information." (Pl. Second Am. Compl. ¶ 16). Providian's argument is without merit for it has misinterpreted Molina's complaint as well as failed to mention a more important allegation. Molina clearly alleges that Providian "failed to conduct timely and reasonable investigations of plaintiff's disputes *after being contacted by Experian concerning plaintiffs disputes.*" (Pl. Second Am. Compl. ¶ 17) (emphasis added). Providian neglects to mention Paragraph 17 in its brief, instead insisting (inaccurately) that Molina "fail[s] to affirmatively allege" that a credit reporting agency informed it of Molina's dispute. Providian's failure to mention Paragraph 17 is telling, for Paragraph 17 pleads unequivocally that Providian was given notice of Molina's dispute by a credit reporting agency (Experian). Paragraph 16 does not, as Providian suggests, allege that Experian failed to give Providian *notice* of Molina's disputes. Instead, Paragraph 16 merely alleges that Experian did not fulfill its duty to provide Providian with the information necessary to resolve the dispute. The allegations of Paragraphs 16-17 thus do not stand in irreconcilable discord; it is possible for Experian

to fail to forward relevant information to the Defendant while still having notified the Defendant of the existence of the dispute. Providian's motion to dismiss Molina's FCRA claim against it is without merit and is DENIED.

*B.     Defamation Claim*

Under Illinois law, a plaintiff may state a claim for defamation *per se* (statements so harmful to reputation that damages are presumed) or for defamation *per quod* (statements requiring extrinsic facts to show their defamatory meaning). *Rosner v. Field Enters.*, 564 N.E.2d 131, 143 (Ill. App. Ct. 1990). A claim for defamation *per se* does not fall under the special pleading regime of Fed. R. Civ. P. 9. *Muzikowski v. Paramount Pictures Corp., SFX*, 322 F.3d 918, 926 (7th Cir. 2003).

In this case, Molina alleges that Providian made "written presentations, representations, or statements that [he] had an account with Providian . . . and that [he] was late and/or slow with payments to Providian." Molina further alleges that Providian published such statements to Experian, with the knowledge that Experian would publish it to third parties. Providian claims that Molina's allegations are so general as to prevent it from giving a meaningful answer, arguing that Molina has failed to plead sufficient facts to set forth a claim for defamation because he failed to plead the "when" and "where" of the allegedly defamatory statements. Providian cites to several cases from this District to support its argument that claims for defamation must meet a heightened pleading standard. *Chisholm v. Foothill Cap. Corp.*, 940 F. Supp. 1273, 1284 (N.D. Ill. 1996); *Hanania v. Loren-Maltese*, 56 F. Supp. 2d 1010 (N.D. Ill. 1999). It is true that a plaintiff must allege more than a general notion of a defamatory statement. *See Walls v.*

5

*Lombard Police Officers Jerome*, No. 99 C 3016, 2000 WL 631302, *2 (N.D. Ill. May 12, 2000). But Providian's argument is not convincing. In *Hanania*, the plaintiff did little more than state that the defendant "printed false statements" in a newspaper in 1997. *Hanania*, 56 F. Supp. 2d at 1019. The allegations in *Hanania* thus were so general that they failed to put the defendant on notice of the claims against her. Where the substance of the defamatory statement is adequately identified, specific pleading is not necessary. *Jones v. Sabis Educational Systems, Inc.*, 98 C 4252, 1999 WL 1206955, *4 (N.D. Ill. Dec. 13, 1999). In this case, Molina has given Providian notice of the specifics of the statements he believes to be defamatory—the publication of false credit information regarding his account to Experian. Molina alleges that "[t]he written presentations, representations, or statements that [he] had an account with Providian, and/or that [he] was late and/or slow with payments to Providian were false." Unlike the defendant in *Hanania*, Providian need not scour a years worth of newspaper articles hunting for an allegedly false statement, for Molina has told it the precise content of the statement he believes to be defamatory. Molina's allegations that Providian published false credit information about him to Experian are more than sufficient to inform Providian of the claims against it and more than sufficient to meet the notice pleading standards of Fed. R. Civ. P. 8.

Lastly Providian argues that Molina failed to properly plead that the allegedly defamatory statements were made with malice or willful intent to injure, and therefore are preempted by the FCRA. 15 U.S.C. § 1681h(e). Providian's final argument is also without merit. Willfulness requires a plaintiff to demonstrate that the defendant

"knowingly and intentionally committed an act in conscious disregard for the rights of others." *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 931 (N.D. Ill. 2000) (citing *Stevenson v. TRW Inc.*, 987 F.2d 288, 293 (5th Cir.1993)). A malicious statement is one that is made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Dornhecker*, 99 F. Supp. 2d at 931. Molina alleges that "Defendant Providian's conduct was done with malice and willful intent to injure the plaintiff by the very nature that Providian had previously deleted the inaccurate account information and then proceeded to refurnish the inaccurate information to the credit reporting agencies." Taking the Plaintiff's well-pleaded factual allegations as true, as the Court must, the Defendant's knowledge of the statements' falsity combined with their continued publication of clearly harmful information satisfies the legal test for both malice and willful intent to injure.

## IV. CONCLUSION

For the reason s stated above , Providian's Rule 12(b)(6) motion is DENIED. Providian is ordered to answer the second amended complaint on or before June 2, 2003. IT IS SO ORDERED.

5/12/03
Date

The Honorable William J. Hibbler
United States District Court

7